UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RENE POUBLANC | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | |
| | * | ADMIRALTY RULE 9(h) |
| KIRBY OCEAN TRANSPORT COMPANY | * | |
| | * | |
| | * | MAGISTRATE NO.: |
| | * | |
| | * | |
| | * | SECTION NO.: |
| | * | |

## **COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, RENE POUBLANC, a resident of the Parish of Jefferson, State of Louisiana, who alleges upon information and belief as follows:

1.

Made defendant in this action is:

A. KIRBY OCEAN TRANSPORT COMPANY, whose registered agent for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

2.

Plaintiff brings this action pursuant to the Jones Act, 46 U.S.C.A. §30104 and the General Maritime Law, for the injuries sustained by Rene Poublanc, in the course of his employment as a seaman.

1

3.

This court has subject matter jurisdiction on actions arising under the Jones Act and 28 U.S.C. §1333.

4.

Venue is proper in this district pursuant to 28 U.S.C.A. §1391, as defendant resides in this District at 333 W.P.A. Road, Harvey, Louisiana.

5.

Plaintiff is informed and believes and thereon alleges that at all times pertinent herein, defendant, KIRBY OCEAN TRANSPORT COMPANY, owned and operated the vessel, M/V VIGILANT and the barge, LOUISE HOWLAND.

6.

At all times pertinent herein, defendant employed Plaintiff as an Assistant Engineer on their vessel, M/V VIGILANT, and its barge, the LOUISE HOWLAND.

7.

This instant lawsuit is the result of two (2) incidents which caused severe injuries to the plaintiff, Rene Poublanc, one being on or about August 22, 2105 and the other being on or about September 15, 2015.

8.

On or about August 22, 2015, plaintiff was walking on the barge, LOUISE HOWLAND, when he slipped and fell on sugar residue on the deck of barge, LOUISE HOWLAND, causing severe injuries to the plaintiff.  At the time of this accident M/V VILIGANT and the barge LOUISE HOWLAND was in navigation waters off of the eastern coast of the United States

9.

On or about September 15, 2015, plaintiff was asleep in his bed located in his sleeping quarters on M/V VILIGANT.  As M/V VILIGANT was going into a notch there was a strong impact which threw plaintiff from his bed, causing severe injuries to the plaintiff.  At the time of this accident, M/V VILIGANT and the LOUISE HOWLAND were in navigation in the waters off of the eastern coast of the United States, between New York and West Palm Beach, Florida.

10.

Plaintiff was in the course and scope of his employment in the service of defendant's vessel M/V VIGILANT, and the barge LOUISE HOWLAND, when he sustained the aforementioned injuries.

11.

Plaintiff sustained a very large disc herniation at the L5-S1 level, for which he underwent a micro-discectomy on October 29, 2015 to repair the disc.  His injuries continue to limit him physically and have precluded him from returning to work.

12.

Additionally, plaintiff sustained a tear to his medial meniscus and ACL deficiency in his left knee, for which he underwent an arthroscopy with partial medial meniscectomy, partial lateral meniscectomy, chondroplasty of the trochlear groove and multi-compartment debridement on March 22, 2016.

13.

His injuries continue to limit him physically and have precluded him from returning to work.

14.

Plaintiff in no way caused or contributed to cause the incidents complained of herein, nor the resultant damages, and in fact, had no reasonable opportunity to avoid same.

## FOR A FIRST CAUSE OF ACTION – DAMAGES
## UNDER THE JONES ACT, 46 U.S.C.A. §30104

15.

Incorporated herein by this reference is each and every allegation contained in Paragraphs 1 through 14, inclusive, as if set forth in full.

16.

The Plaintiff's injuries were proximately caused by each of the following negligent acts and/or omissions of defendant, KIRBY OCEAN TRANSPORT COMPANY:

(a) Breach of legally imposed duty of reasonable care resulting in the incident and injuries referred to herein;

(b) Failure to provide a reasonably safe place to work, resulting in the incident and injuries referred to herein;

(c) Failure to provide a seaworthy vessel, namely, of which defendant had knowledge prior to and at the time of the incident;

(d) Failure to supervise employees properly which resulted in the incident and plaintiff's injuries;

(e) The acts and omissions of defendant's agents under the doctrine of respondent superior; and

(f) Other acts and/or omissions of negligence which may be introduced at the trial of this matter.

17.

Plaintiff alleges that each of the acts and omissions described hereinabove proximately caused him to suffer conscious pain and suffering.

18.

Plaintiff, RENE POUBLANC, is entitled to recover for his pain, suffering loss of wages and loss of earning capacity, in an amount according to proof.

## FOR A SECOND CAUSE OF ACTION-UNSEAWORTHINESS

19.

Incorporated herein by this reference is each and every allegation contained in Paragraphs 1 through 18, inclusive, as if set forth in full.

20.

Pursuant to the General Maritime Law of the United States of America, the aforementioned defendant had the absolute and non-negligible duty to provide Plaintiff with a safe and seaworthy vessel, but failed to do so.

21.

More particularly, defendant provided an unseaworthy vessel in one or more of the following non-exclusive particulars:

(a) Failure to provide a seaworthy vessel;

(b) Negligence of defendant's agents, resulting in the accidents and injuries referred to herein;

(c) Failure to train or supervise employees properly resulting in the accidents and injuries referred to herein;

(d) Failure to furnish and/or employing unsafe vessels and/or barge to do the job; and

(e) Other instances of unseaworthiness that will be proven at trial.

22.

Plaintiff, RENE POUBLANC, is entitled to recover for his pain, suffering loss of wages and loss of earning capacity, in an amount according to proof

**FOR A THIRD CAUSE OF ACTION**

23.

Plaintiff avers that defendant is liable to the plaintiff for the conduct of its agent and for other acts of negligence as cited above, as well as negligence and other liabilities pursuant to General Maritime Law and any other applicable laws for its non-delegable duty to provide maintenance in an amount that is reasonable in the premises and cure for all medical expenses incurred by Plaintiff as a result of the injuries sustained in these accidents.

24.

Plaintiff is informed and believes and thereon alleges that each of the acts and omissions of defendant described hereinabove proximately caused Plaintiff to suffer conscious pain and suffering, including, but not limited to:

(a) Past and future physical pain and suffering;

(b) Past and future mental anguish;

(c) Past and future emotional distress;

(d) Past and future lost wages;

(e) Past and future loss of earning capacity;

(f) And past medical expenses;

(g) As well as other general and special damages that are reasonable in the premises.

WHEREFORE, Plaintiff, RENE POUBLANC, an adult of the age of majority, prays that after due proceedings are had that there be judgment entered in his favor and against the defendant, KIRBY OCEAN TRANSPORT COMPANY, for special and general damages in an amount according to proof, for interest on all damages in the legal amount from the date of judicial demand, for maintenance and cure, for exemplary and punitive damages, and for all costs of these proceedings, as well as such other and further relief as the court may deem proper, in an amount that is reasonable in the premises.

Respectfully submitted,

 /s/ Timothy J. Falcon
**Timothy J. Falcon, #16909**
Email: tim@falconlaw.com
**Jeremiah A. Sprague, #24885**
Email: jerry@falconlaw.com
**Jarrett S. Falcon, #34539**
Email: jarrett@falconlaw.com
**FALCON LAW FIRM, PLC**
5044 Lapalco Boulevard
Marrero, Louisiana 70072
Telephone: (504) 341-1234
Facsimile: (504) 341-8115
*Attorneys for Plaintiff*

**PLEASE SERVE:**

**KIRBY OCEAN TRANSPORT COMPANY**
Through its agent for service of process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA  70802